# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS
(Boston)

| | |
|---|---|
| CENTER CITY MUSIC, PAL-PARK MUSIC, WB MUSIC CORP., and THE TWIN TOWERS COMPANY,<br><br>Plaintiffs,<br>v.<br><br>VIGNALI, L.L.C. and SALVATORE PALUMBO,<br><br>Defendants. | Civil Action No.: 16-10697<br><br>**COMPLAINT** |

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1440(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant Vignali, L.L.C. ("Vignali") is a limited liability company organized under the laws of Massachusetts, with an office at 999 Broadway, Suite 400, Saugus, Massachusetts 01906.

6. At all times hereinafter mentioned, Vignali did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Stonewood Tavern, located at 139 Lynnfield Street, Peabody, Massachusetts 01960.

7. Musical compositions were and are publicly performed at Stonewood Tavern.

8. On information and belief, defendant Salvatore Palumbo ("Palumbo" and Vignali, the "Defendants") is an individual who works and/or resides in this District.

9. At all times hereinafter mentioned, Palumbo was, and still is, Managing Member of Vignali.

10. At all times hereinafter mentioned, Palumbo was, and still is, responsible - for the control, management, operation and maintenance of the affairs of Vignali.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Stonewood Tavern, including the right and ability to supervise and control the public performance of musical compositions at Stonewood Tavern.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Stonewood Tavern.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and

protects the public performance rights of its 560,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Since January 2014, ASCAP representatives have made more than twenty (20) attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Stonewood Tavern. ASCAP has contacted Defendants by phone, by mail, by e-mail, and in person.

16. ASCAP's various communications put Defendants on notice that unlicensed performances of ASCAP's members' musical compositions at Stonewood Tavern constitute copyright infringement of ASCAP's members' copyrights in their musical works.

17. Defendants have refused all of ASCAP's license offers for Stonewood Tavern.

18. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Stonewood Tavern, including the copyrighted works involved in this action, without permission, during the hours that Stonewood Tavern is open to the public for business and presenting musical entertainment.

19. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20. Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17 of the

United States Code.

21. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions on Defendants' premises, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

23. The public performances at Stonewood Tavern of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

24. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

25. The many unauthorized performances at the Stonewood Tavern include the performances of the three copyrighted musical compositions upon which this action is based.

26. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

27. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irrepar-

able injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Stonewood Tavern, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Dated: Boston, Massachusetts
April 12, 2016

HOLLAND & KNIGHT LLP

By: */s/ Robert M. Shaw*_____
Robert M. Shaw (BBO No. 669664)
10 St. James Avenue
Boston, MA 02116
(617)305-2018
*robert.shaw@hklaw.com*

*Attorney for Plaintiffs*